

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-241-CV

MATT MANCUSO                                                                    APPELLANT

V.

CHEAHA LAND SERVICES, LLC                                          APPELLEE

------------

### FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Matt Mancuso appeals a no-evidence summary judgment granted against him and in favor of Appellant Cheaha Land Services, LLC. Mancuso contends in three issues that the trial court erred by granting the no-evidence summary judgment, by not permitting him to file his summary judgment response on

---

[1] See Tex. R. App. P. 47.4.

the day of the summary judgment hearing, and by denying his motion to continue the hearing on the motion for summary judgment. We affirm.

## II. Factual and Procedural Background

On July 21, 2008, Mancuso filed a lawsuit against Cheaha for breach of contract relating to the alleged nonpayment of commissions. On January 6, 2009, Mancuso filed a letter with the trial court requesting that the case be set for trial the week of April 27, 2009. The trial court, as requested, set the case for trial on April 27, 2009. On January 12, 2009, Cheaha served a request for disclosure on Mancuso. Mancuso's counsel did not calendar the deadline for responding to the request for disclosure, and Mancuso did not serve any response to the request for disclosure on Cheaha. Thereafter, Cheaha filed a no-evidence motion for summary judgment on March 31, 2009, and the trial court set a hearing on the motion for April 24, 2009, three days before the requested trial date.

On April 17, 2009, Mancuso's attorney drafted a motion to continue the summary judgment hearing and a motion to continue the trial so that Mancuso could conduct more discovery. Mancuso requested a seventy-five day continuance of the trial to supplement and complete discovery related to the compensation due him and to obtain witnesses who could provide testimony about the services that Cheaha and its affiliated companies provided to Cheasapeake Energy Corporation. Mancuso's attorney also drafted a response to Cheaha's motion for summary judgment and a response to Cheaha's previously served request for disclosure. The attorney's legal

assistant, however, failed to mail the packages containing the motions for continuance, the summary judgment response, and the discovery responses. Thus, they were not timely filed with the trial court or served on opposing counsel.

Mancuso's attorney discovered her assistant's failure to mail the packages the evening before the summary judgment hearing, and on April 24, 2009, the day of the summary judgment hearing, Mancuso's attorney filed the motions to continue the summary judgment hearing and the trial; she also delivered the late discovery responses to Cheaha and the trial court. Mancuso's attorney stated at the hearing that she did not timely respond to Cheaha's request for disclosure due to a clerical error. Unable to explain exactly what happened, Mancuso's attorney stated that the calendaring of the responses was not done properly and that she did not realize there was a due date for discovery responses in February. She said that the oversight was unintentional and entirely due to the error in calendaring the response due date.

After hearing argument, the trial court denied both the motion to continue the summary judgment hearing and the motion for leave to file the late summary judgment response. While arguing its no-evidence motion for summary judgment, Cheaha contended that because Mancuso did not timely respond to the request for disclosure, he was barred from presenting evidence on any of the elements of his breach of contract claim. The trial court granted Cheaha's no-evidence summary judgment motion, and Mancuso timely filed this appeal.

3

### III. Continuance of Summary Judgment Hearing

In his third issue, Mancuso argues that the trial court should have continued the hearing on the motion for summary judgment so that he could obtain additional discovery, specifically the deposition of a representative from Cheasapeake Energy Company. Mancuso contends that the failure to grant his motion to continue the summary judgment hearing was an abuse of discretion because the motion identified the specific need for discovery and there had not been adequate time for that discovery. In response, Cheaha argues that the trial court did not abuse its discretion by denying Mancuso's motion for continuance because Mancuso specifically requested the April 27, 2009 trial setting but did not exercise due diligence in obtaining the discovery he claims to need before proceeding to trial.

#### A. Applicable Law

A litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). In deciding whether a trial court abused its discretion by denying a motion for continuance seeking additional time to conduct discovery, we consider factors such as the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)) (diligence and length

4

of time on file); *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (materiality and purpose); *Wood Oil Distrib., Inc.,* 751 S.W.2d at 865 (diligence); *Green v. Cook*, No. 2-08-00087-CV, 2009 WL 279384, at *7 (Tex. App.—Fort Worth Feb. 5, 2009, no pet.) (mem. op.) (nature and complexity of the case); *see also Perrotta v. Farmers Ins. Exch.,* 47 S.W.3d 569, 576 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (using these factors to decide whether a trial court abused its discretion by denying a motion for continuance).

## B.    Analysis

Mancuso argues that the trial court erred by not continuing the hearing on the motion for summary judgment so that discovery could be completed. However, Mancuso has not shown that the trial court's denial of the continuance motion was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Marchand*, 83 S.W.3d at 800–01.

The discovery Mancuso identifies as necessary is clearly material to the case; Mancuso argues that the deposition of a Cheasapeake Energy Company representative is necessary to identify damages resulting from Cheaha's alleged breach of contract. Although the discovery sought is material to the case, Mancuso never offered the trial court any reason or explanation for not seeking the discovery during the more than eight months that the case had been on file.

As to the length of time on file, Mancuso cannot complain that this case was only on file for eight months because Mancuso himself requested the April 27, 2009

5

trial setting. *See Perrotta*, 47 S.W.3d at 576; *see also Karen Corp. v. Burlington N. & Santa Fe Ry. Co.,* 107 S.W.3d 118, 124 (Tex. App.—Fort Worth 2003, pet. denied) (holding that the trial court's refusal to grant a continuance of a summary judgment hearing was not an abuse of discretion since the appellant had "well over eight months of discovery" and did not challenge the lack of notice of the hearing). The summary judgment hearing was set three days before trial. Because Mancuso requested the trial date, he knew the exact amount of time he had before trial and presumably knew how much discovery he needed to prepare the case for trial by that time. But he did nothing to conduct discovery in the three and one half months between his request and the requested trial date. *See Wood Oil Distrib., Inc.*, 751 S.W.2d at 865. The trial court did not abuse its discretion by denying Mancuso's motion for continuance. We therefore overrule Mancuso's third issue.

### IV. No-Evidence Summary Judgment

In his second issue, Mancuso contends that the trial court erred by granting a no-evidence summary judgment for Cheaha.

### A.    Standard of Review

A no-evidence summary judgment is essentially a pretrial directed verdict because it requires the nonmovant to present evidence sufficient to raise a genuine issue of material fact on each challenged element. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). We apply the same legal sufficiency standard in

reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

## B.    Applicable Law

To defeat the no-evidence motion for summary judgment, Mancuso, as the nonmovant, must prove there is a genuine issue of material fact on the elements of breach of contract.  *See* Tex. R. Civ. P. 166a(i).

Rule 193.6 governs untimely discovery responses and provides the following:

*193.6 Failing to Timely Respond – Effect on Trial*

(a) *Exclusion of Evidence and Exceptions*.  A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) *Burden of Establishing Exception.* The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness.  A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

Tex. R. Civ. P. 193.6(a), (b).

The penalty under rule 193.6 for a party's failure to respond to a discovery request is the mandatory exclusion of the evidence requested.  *See Alvarado v.*

7

*Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992); *F & H Invs., Inc. v. State*, 55 S.W.3d 663, 669 (Tex. App.—Waco 2001, no pet.). A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed unless the court finds that (1) there was good cause for the failure to timely disclose or (2) the failure will not unfairly surprise or prejudice the other parties. *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 817 (Tex. App.—Fort Worth 2006, no pet.) (citing Tex. R. Civ. P. 193.6(a)). The trial court has discretion to determine whether the offering party has met its burden. *Id.* (citing *Alvarado*, 830 S.W.2d at 914).

## C.    Analysis

On appeal, Mancuso does not request the relief he needs to defeat a no-evidence motion for summary judgment. While he sought a continuance of the summary judgment hearing and leave to file the late summary judgment response, he did not seek relief in the trial court relating to his untimely response to Cheaha's request for disclosure. In other words, Mancuso never asked the trial court for leave to serve late responses to Cheaha's request for disclosure, nor does he contend on appeal that he should have been permitted to serve the late discovery responses. Therefore, Mancuso was barred from presenting evidence in response to Cheaha's no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 193.6.

Because Mancuso is barred from presenting evidence in response to the no-evidence motion for summary judgment, the trial court appropriately granted Cheaha's motion for no-evidence summary judgment. Supposing that Mancuso had timely responded to the no-evidence motion for summary judgment, he was still barred by rule 193.6 from introducing any evidence on damages or any argument relating to his legal theories since he failed to timely respond to Cheaha's request for disclosure.[2] *See* Tex. R. Civ. P. 193.6. Thus, even if Mancuso's attorney's legal assistant had correctly delivered the package containing Mancuso's responses on April 17, 2009, Mancuso would still have been barred from presenting evidence in response to the no-evidence motion for summary judgment. *Id.*

Because Mancuso is barred by the rules of civil procedure from offering any evidence, he cannot meet his burden in responding to Cheaha's no-evidence motion for summary judgment. See Tex. R. Civ. P. 166a(i). Therefore, the trial court did not err by granting Cheaha's no-evidence motion for summary judgment.[3] We overrule Mancuso's second issue.

## V. Conclusion

---

[2]... As recently reaffirmed by the Texas Supreme Court, rule 193.6 of the Texas Rules of Civil Procedure applies to summary judgment proceedings. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (holding trial court properly struck expert's affidavit when nonmovant did not timely disclose the expert pursuant to scheduling order deadlines).

[3]... In light of our disposition of Mancuso's second issue, we need not address his first issue. *See* Tex. R. App. P. 47.1.

9

Having overruled Mancuso's second and third issues, which are dispositive, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL:  GARDNER and MEIER, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  August 12, 2010